# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>    Defendants. | Case No.  1:21-cv-00576-NONE-SAB<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO SEAL DECLARATION IN PART AND REQUIRING DEFENDANTS TO FILE RESPONSE TO PLAINTIFF'S APPLICATION TO FILE PSEUDONYMOUS PROCEEDINGS AND FOR PROTECTIVE ORDER<br><br>(ECF No. 3) |

On April 6, 2021, John Doe ("Plaintiff"), a native and citizen of Yemen who filed for asylum in the United States in 2015, filed this action seeking a writ of mandamus and declaratory relief. (ECF No. 1.)  Along with his complaint, Plaintiff filed an *ex parte* application, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 141, requesting: (1) to use the pseudonym of "John Doe" in this proceeding; (2) to file a declaration of counsel Stacy Tolchin in support of Plaintiff's petition for writ of mandamus, and the supporting documentation documents attached thereto, under seal; (3) that all future records which identify Plaintiff's name and the basis for the asylum application be filed under seal; and (4) that Defendants continue to be bound by the regulation at 8 C.F.R. § 208.6, and a protective order be issued preventing the public disclosure of Plaintiff's identify and the basis for his application for asylum.  (ECF No. 3.)

The Court has reviewed the application.  Plaintiff has stated a concern for his own safety

1 if he were to return to Yemen, and for other family members residing in other countries if this 2 information was disclosed to the public.  (ECF No. 3 at 4.)  The Court shall grant the request to 3 seal the declaration already submitted to the Court and the supporting documents attached 4 thereto, however, the Court shall order Defendant to file an opposition or statement of non-5 opposition to Plaintiff's other requests to file under a pseudonym, to file future records under 6 seal, and for a protective order, prior to the Court rendering a decision on those aspects of the 7 Plaintiff's application.  L.R. 230(c).

8 Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents."  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)).  Nevertheless, this access to judicial records is not absolute.  Kamakana, 447 F.3d at 1172.  The court has recognized a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons."  Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989).  Since resolution of disputes on the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events[,]' . . . 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion."  Kamakana, 447 F.3d at 1179.  However, for requests to seal documents attached to a nondispositive motion, a party is "required to show good cause for documents attached to a nondispositive motion."  Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009).

21 The Court has been provided the declaration of counsel Stacy Tolchin in support of Plaintiff's petition for writ of mandamus, and the supporting documents attached thereto.  Upon review of the declaration and supporting documents, as well as the Plaintiff's application to seal, the Court finds that good cause exists to file the declaration and supporting materials under seal pending resolution of the application requesting to file pseudonymous proceedings and for a protective order governing future filings.

27 / / /

28 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application requesting to file the declaration of counsel Stacy Tolchin in support of Plaintiff's petition for writ of mandamus, and the supporting documents attached thereto under seal, is GRANTED;

2. The declaration of counsel Stacy Tolchin in support of Plaintiff's petition for writ of mandamus, and the supporting documents attached thereto shall be filed under seal and shall remain under seal until further order of this court;

3. Plaintiff shall e-mail the declaration of counsel Stacy Tolchin in support of Plaintiff's petition for writ of mandamus, and the supporting documents attached thereto, to ApprovedSealed@caed.uscourts.gov for filing under seal in compliance with Local Rule 141 within **three (3) days** of the date of entry of this order;

4. Defendant shall file an opposition or statement of non-opposition to Plaintiff's application requesting to file pseudonymous proceedings and for a protective order governing future filings, within **thirty (30) days** of the date of service of the summons and complaint; and

5. Plaintiff shall file a proof of service within **five (5) days** of serving the defendant in this matter.

IT IS SO ORDERED.

Dated:   **April 12, 2021**

UNITED STATES MAGISTRATE JUDGE