# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JOHN DOE, | Case No. 1:21-cv-00576-NONE-SAB |
|---|---|
| Plaintiff, | ORDER GRANTING PLAINTIFF'S UNOPPOSED APPLICATION TO FILE PSEUDONYMOUSLY AND FOR PROTECTIVE ORDER |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | (ECF Nos. 3, 11) |
| Defendants. | |

**I.**

**INTRODUCTION**

On April 6, 2021, John Doe ("Plaintiff"), a native and citizen of Yemen who filed for asylum in the United States in 2015, filed this action seeking a writ of mandamus and declaratory relief. (ECF No. 1.) Along with his complaint, Plaintiff filed an *ex parte* application, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 141, requesting: (1) to use the pseudonym of "John Doe" in this proceeding; (2) to file a declaration of counsel Stacy Tolchin in support of Plaintiff's petition for writ of mandamus, and the supporting documentation documents attached thereto, under seal; (3) that all future records which identify Plaintiff's name and the basis for the asylum application be filed under seal; and (4) that Defendants continue to be bound by the regulation at 8 C.F.R. § 208.6, and a protective order be issued preventing the public disclosure of Plaintiff's identify and the basis for his application for asylum. (ECF No. 3.)

On April 12, 2021, the Court granted Plaintiff's application requesting to file the declaration of counsel Stacy Tolchin in support of Plaintiff's petition for writ of mandamus, and the supporting documents attached thereto under seal. (ECF No. 7.) As to the remaining requests, Defendants were ordered to file within thirty (30) days after service of the summons and complaint, an opposition or statement of non-opposition to such requests. (Id.) On April 27, 2021, Defendants filed a statement of non-opposition.

Having considered the application of Plaintiff, the statement of non-opposition, and the Court's file, the Court grants Plaintiff's motion: (1) to use the pseudonym of "John Doe" in this proceeding; (2) to require all future records which identify Plaintiff's name and the basis for the asylum application be filed under seal; and (3) for a protective order preventing the public disclosure of Plaintiff's identify and the basis for his application for asylum, and requiring Defendants continue to be bound by 8 C.F.R. § 208.6.

## II.

## LEGAL STANDARD

### A. Pseudonymous Filings

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must include the name of all parties. Fed. R. Civ. P. 10(a). Rule 17 further provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

The normal presumption is that the parties will use their real names, which is "loosely related" to the public's right to open courts and the rights of individuals to confront their accusers. Doe v. Kamehameha Schools ("Kamehameha Schools"), 596 F.3d 1036, 1042 (9th Cir. 2010). However, courts have allowed a party to proceed in anonymity where special circumstances justify the secrecy. Does I thru XXIII v. Advanced Textile Corp. ("Advanced Textile Corp."), 214 F.3d 1058, 1067 (9th Cir. 2000). In the Ninth Circuit, a party may proceed with the use of a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.' " Advanced Textile Corp., 214 F.3d at 1067-68 (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981) (alteration in quoting source)). The Ninth Circuit held that "a party may

preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Advanced Textile Corp., 214 F.3d at 1068.

Courts have generally allowed a party to proceed with anonymity in three circumstances: "1) when identification creates a risk of retaliatory physical or mental harm[;]" 2) where it is necessary "to preserve privacy in a matter of sensitive and highly personal nature[;]" and 3) where the party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]" Advanced Textile Corp., 214 F.3d at 1068 (internal citations omitted).

The Ninth Circuit has held that where the use of a pseudonym is used to shield the party from retaliation, the district court should evaluate the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. Advanced Textile Corp., 214 F.3d at 1068 (citations omitted). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice . . . [as well as] decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." Id. at 1068-69. More recently, the Ninth Circuit has restated these factors as five factors to apply when the opposing party has objected. See Kamehameha Schools, 596 F.3d at 1042 ("To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest.' ") (quoting Advanced Textile Corp., 214 F.3d at 1068) (alteration in quoting source).

Because the "balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses . . . where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings [Rule 16(b)], and to issue protective orders limiting disclosure of

1 the party's name [Rule 26(c)], to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." Advanced Textile Corp., 214 F.3d at 1069.

**B.     Requests to Seal Filings**

Pursuant to the Local Rules of the United States District Court, Eastern District of California, documents may only be sealed by written order of the Court upon the showing required by applicable law. L.R. 141(a). Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447 F.3d at 1172. Courts recognize a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989); Kamakana, 447 F.3d at 1179 ("Our case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation."). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Kamakana, 447 F.3d at 1179 (quoting Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).

Accordingly, the Court begins with the presumption that compelling reasons must be shown to seal documents not traditionally kept secret. See, e.g., Kamakana, 447 F.3d at 1179. It is clear that where the documents sought to be sealed are a dispositive pleading, such as a motion for summary judgment, or are attached to such motion, the strong presumption in favor of access fully applies because "the resolution of a dispute on the merits . . . is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events." Kamakana, 447 F.3d at 1179 (" (citations omitted). The Ninth Circuit previously drew a clear distinction between dispositive and non-dispositive motions in determining whether compelling reasons must be shown to seal such documents, stating: "[i]n sum, we treat judicial records

4

attached to dispositive motions differently from records attached to non-dispositive motions." Kamakana, 447 F.3d at 1179 ("Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy [whereas a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.") (quoting Foltz, 331 F.3d at 1135). More recently, the Ninth Circuit has clarified that the focus in determining whether compelling reasons must be shown is not on the dispositive nature of the motion, but whether the motion at issue is more than tangentially related to the merits of the case. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016), cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety, 137 S. Ct. 38 (2016) (hereinafter "Auto Safety"). Therefore, compelling reasons must be shown to seal a motion that is more than tangentially related to the merits of the case, or records attached thereto. Id.

The Ninth Circuit has "carved out an exception to the presumption of access." Kamakana, 447 F.3d at 1179 (quoting Foltz, 331 F.3d at 1135). This exception applies where the request to seal addresses "private materials unearthed in discovery," such as discovery or non-dispositive motions, and the moving party is required to only show that good cause exists to seal the documents. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010); but see Auto Safety, 809 F.3d at 1101 (rejecting mechanical distinction between dispositive and non-dispositive motions). This is because "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.' " Kamakana, 447 F.3d at 1179 (quoting Foltz, 331 F.3d at 1135). The good cause standard is rooted in the Court's powers under Rule 26 pertaining to discovery and protective orders. See Kamakana, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties."). "Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale [as] [u]nlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default." Id.

## III.

## DISCUSSION

The Court has reviewed the Plaintiff's application. Plaintiff requests to be permitted to use a pseudonym and that all documents identifying his name and the nature of his asylum application be sealed because of the confidential nature of the application, which is the subject of this litigation. (ECF No. 3 at 4.) Plaintiff also requests that Defendants continue to be bound by Department of Homeland Security regulation 8 C.F.R. § 208.6(b), which requires that all records indicating that a specific alien has applied for asylum shall be kept from disclosure. See 8 C.F.R. § 208.6(b) ("The confidentiality of other records kept by DHS and the Executive Office for Immigration Review that indicate that a specific alien has applied for refugee admission, asylum, withholding of removal under section 241(b)(3) of the Act, or protection under regulations issued pursuant to the Convention Against Torture's implementing legislation, or has received a credible fear or reasonable fear interview, or received a credible fear or reasonable fear review shall also be protected from disclosure, except as permitted in this section."); Lin v. U.S. Dep't of Just., 459 F.3d 255, 268 (2d Cir. 2006) ("The government's violation of section 208.6, however, is not merely a procedural flaw in an immigration proceeding[, rather [t]he government through its negligence has potentially exposed Lin and his family to risks beyond those that he claims caused him to flee China.").

As a basis for these requests, Plaintiff has stated a concern for his own safety if he were to return to Yemen, and for other family members residing in other Russia and Chechnya if this information was disclosed to the public. (ECF No. 3 at 4.) The Court has also reviewed the declaration of counsel Stacy Tolchin in support of Plaintiff's petition for writ of mandamus, and the supporting documents attached thereto, that the Court previously granted permission to file under seal, which provide additional information in support of these proffered reasons.

"[R]etaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously." Poozesh v. Pompeo, No. 119CV01466LJOSKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019) (citing Does I thru XXIII, 214 F.3d at 1063 (considering possible retaliation by the Chinese government against

Chinese national plaintiffs residing in Saipan and their family members residing in China as supporting the use of pseudonyms); International Refugee Assistance Project v. Trump, No. TDC-17-0361, 2017 WL 818255, at *2–3 (D. Md. Mar. 1, 2017) ("Potential retaliatory physical or mental harm against individuals in another country can form the basis for permitting plaintiffs to use pseudonyms."); Doe v. U.S. Dep't of State, No. 1:15-cv-01971, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) (granting motion to proceed pseudonymously due to proffer that "potential litigation that reveals his work with U.S.-led reconstruction efforts in Iraq will expose him and his family to life-threatening danger.")). As Plaintiff highlights, Courts have granted motions to file pseudonymously as related to asylum proceedings. See Al Otro Lado, Inc. v. Nielsen, No. 17-CV-02366-BAS-KSC, 2017 WL 6541446, at *8 (S.D. Cal. Dec. 20, 2017) ("Here, the Individual Plaintiffs raise claims of a 'systematic, illegal practice' by CPB of denying certain asylum seekers access to the U.S. asylum system . . . [t]he identity of the Individual Plaintiffs is irrelevant to the legal merits of these claims, the resolution of which will be in full view of the public [and] the Court concludes that the public interest is best served by permitting the Individual Plaintiffs to proceed pseudonymously."); Doe v. Risch, 398 F.Supp.3d 647 n.1 (N.D. Cal. 2019).

Based on the Court's review of the severity of the harm, the reasonableness of the Plaintiff's proffered fears, the Plaintiff's vulnerability to retaliation, the potential prejudice to the Defendants given their statement of non-opposition, and the public interest, the Court finds that the need for anonymity in this case outweighs countervailing considerations. See Kamehameha Schools, 596 F.3d at 1042; Poozesh, 2019 WL 6052363, at *2 ("Doe Plaintiffs' request is unopposed, and Defendants have not shown any reason the motion should not be granted."); Int'l Refugee Assistance Project, 2017 WL 818255, at *1 (granting unopposed motion).

As for whether compelling reasons are required to file certain future documents under seal in this action, Auto Safety, 809 F.3d at 1101, the Court finds compelling reasons have been demonstrated. See Poozesh, No. 119CV01466LJOSKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019) ("The Court finds Doe Plaintiffs have shown a compelling need for anonymity . . . . Plaintiffs have shown that the potential retaliation from the Iranian government is severe, Doe

Plaintiffs' fear of retaliation is reasonable, and Doe Plaintiffs are vulnerable to such retaliation if their identities and the U.S. government employment of John Doe and Daughter Doe are made public.").

## IV.

## CONCLUSION AND ORDER

Based on the Court's review of the severity of the harm, the reasonableness of the Plaintiff's fears, the Plaintiff's vulnerability to retaliation, the potential prejudice to the Defendants' given their statement of non-opposition, and the public interest, the Court finds that the need for anonymity in this case outweighs countervailing considerations.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to file pseudonymous proceedings, filed April 6, 2021 (ECF No. 3), is GRANTED;

2. Plaintiff shall e-mail future filings that are covered by this order due to their disclosure of Plaintiff's identity or the underlying facts and claim to asylum, to ApprovedSealed@caed.uscourts.gov for filing under seal in compliance with Local Rule 141; and

3. Plaintiff's request for a protective order pursuant to Fed. R. Civ. P. 26(c) is GRANTED and Defendants shall continue to be bound by 8 C.F.R. § 208.6(b).

IT IS SO ORDERED.

Dated: __May 12, 2021__

UNITED STATES MAGISTRATE JUDGE